STATE OF MAINE *vs.* AWILDA BREWER.

Lincoln.    Opinion December 18, 1906.

*"Short Lobsters." Indictment. Duplicity. Allegations. Statute 1885, chapter 275, section 3. Statute 1901, chapter 284, section 21. R. S., chapter 41, section 17.*

In an indictment under R. S., chapter 41, section 17, it was charged that the respondent, at the time and place named therein, "did have in her possession sixty-seven live lobsters and 53 cooked lobsters, each less than ten and one-half inches in length, then and there measured in manner as follows:" then followed the language of the statute as to the method by which the lobsters were measured. To this indictment the respondent filed a general demurrer.

*Held:* (1) that the indictment does not charge two offenses; (2) that as the statute now reads, it is not necessary to allege that the lobsters were not liberated alive, and if such lobsters were liberated alive, that fact may be shown in defense; (3) that it was not necessary to allege that the live lobsters were less than ten and one-half inches in length when caught, but that it was necessary to make this allegation with reference to the cooked lobsters; (4) that the indictment must be regarded as charging the defendant as having in her possession the sixty-seven live lobsters only, and to that extent, the indictment is good.

On exceptions by defendant.    Overruled.

Indictment against the defendant for violation of the "short lobster statute," R. S., chapter 41, section 17. The indictment, omitting formal parts, is as follows:

"The Grand Jurors for said state upon their oath present, that Alwilda Brewer of Boothbay Harbor in the County of Lincoln, at Boothbay Harbor in said County of Lincoln, on the thirty-first day of January, in the year of our Lord one thousand nine hundred and six, did have in her possession sixty-seven live lobsters and fifty-three cooked lobsters, each less then ten and one-half inches in length, then and there measured in manner as follows: by taking the length of the back of each lobster, measured from the bone of the nose to the end of the bone of the middle flipper of the tail, said length being then and there taken in a gauge with a cleat upon each end of the same, measuring ten and one-half inches between said cleats, with the lobster laid and extended upon its back its natural length upon the gauge, without stretching or pulling, against the peace of the state and contrary to the form of the statute in such case made and provided."

The defendant demurred generally to this indictment, and the demurrer was overruled, and thereupon the defendant took exceptions.

The case appears in the opinion.

*Weston M. Hilton*, County Attorney, for the State.

*C. R. Tupper*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, PEABODY, JJ.

WISWELL, C. J. In an indictment under R. S., c. 41, sec. 17, it was charged that the respondent at the time and place named therein, "did have in her possession sixty-seven live lobsters and fifty-three cooked lobsters, each less than ten and one-half inches in length, then and there measured in manner as follows;" then followed the language of the statute as to the method by which the lobsters were measured.

The respondent filed a general demurrer to this indictment, which was overruled and the case comes here upon exceptions thereto. It is argued that the indictment is bad in three respects. 1. Because of duplicity, two distinct offenses, it is claimed, being charged in one count of the indictment. 2. Because of the want of an allegation

that the lobsters were not liberated alive at the risk and cost of the parties taking them.    3.    Because it is not alleged that the lobsters were less than ten and one-half inches in length, when caught.

We do not think that two offenses are charged in the same indictment.    It is simply an allegation that the respondent had in her possession a certain number of short lobsters, a part of them alive and a part of them cooked.    It is one offense only.    Under this indictment, so far as this point is concerned, the respondent might be found guilty of illegally having in her possession any number of short lobsters less than the whole number alleged.    *Thompson* v. *Smith*, 79 Maine, 160.    The indictment is not bad for duplicity.

Under chapter 275, sec. 3, of the Public Laws of 1885, in force when the indictment in *State* v. *Bennett*, 79 Maine, 55, was drawn, the omission to allege that the lobsters were not liberated alive would have been fatal.    It was so decided in that case, and affirmed in *State* v. *Dunning*, 83 Maine, 178.    The statute then was "it is unlawful to catch  .    .    .    .    or possess for any purpose" between the dates named "any lobsters less than ten and one-half inches in length, alive or dead,  .    .    .    .    and any lobsters shorter than the prescribed length when caught shall be liberated alive at the risk and cost of the parties taking them, under a penalty of one dollar for each lobster so caught  .    .    .    .    or in possession — not so liberated."    In both of these cases it was decided that the statutory offense, and the penalty prescribed therefor, was for not liberating such lobsters alive.    But by chapter 284, section 21, of the Public Laws of 1901, the words at the end of the clause "not so liberated" were omitted.    As the statute now reads the offense, and the penalty therefor, is, among other things, having in possession short lobsters for any purpose.    The fact that such lobsters were liberated alive by the person having them in possession may be shown in defense, but it is not now necessary to allege in the indictment that they were not so liberated alive.

It was unnecessary to allege that the live lobsters mentioned in the indictment were less then ten and one-half inches in length when caught.    But it was necessary to make this allegation with reference to the cooked lobsters.    This was decided in *Thompson* v.

*Smith,* 79 Maine, 160, wherein the court, in construing the statute then in force, said : " It must mean this : That it is illegal for any person to have in his possession a live lobster less than nine inches long, or a dead lobster, no matter what the length which was less than nine inches long when alive — that is, when taken from the sea. No person can have a lobster in his possession which, when alive, was less than nine inches long. But if a person has in his possession a boiled lobster less than nine inches long, and the same lobster was nine, inches long when alive, in such case no offense is committed by the possession." No change has been made which would affect the meaning of the statute, in this respect, since this construction by the court of a prior act in 1887. The result is that the indictment must be regarded as charging the respondent as having in her possession the sixty-seven live lobsters only. To that extent the indictment is good. By stipulation made at the time the demurrer was filed the respondent has a right to plead over.

<div align="center">

*Exceptions overruled. Indictment adjudged good.*